IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CANDACE MILLER and<br>GEORGE MILLER,<br>    Plaintiffs,<br><br>vs.<br><br>GLAXOSMITHKLINE,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>Case No. 03-cv-393-GKF-TLW |

**PLAINTIFFS' UNOPPOSED MOTION TO CREATE
§ 468B QUALIFIED SETTLEMENT FUND**

Plaintiffs hereby move this Court for an Order approving the creation of a Qualified Settlement Fund [QSF] under the auspices of 26 U.S.C. § 468B to receive and disburse settlement proceeds from GlaxoSmithKline [GSK] for this and six other cases being handled by Plaintiffs' lead counsel in this case. The QSF shall be known as the Vickery-GSK Settlement Fund II. In support of this Motion, Plaintiffs respectfully state as follows:

1.     Plaintiffs George and Candace Miller are individual claimants who are seeking damages on account of certain acts and events in litigation pending against GlaxoSmithKline. As noted above, there are six other families with similar claims, all of whom are represented by the same lead counsel as in this case. A formal Intervention with the names of those families and information concerning the courts in which those claims have been pending will be filed with the Court.

2. Defendant GlaxoSmithKline is alleged to be liable for the adverse events relating to the ingestion of a drug manufactured and marketed by the Defendant GSK.

3. Defendant has adamantly denied any and all liability to the Plaintiffs or other similarly situated families. However, an amicable solution to the legal disputes has been found. Plaintiffs and GlaxoSmithKline have entered into a confidential settlement to resolve all claims, asserted or unasserted, arising out of the ingestion of the drug in issue in this case, and in the six companion cases being handled by the Vickery law firm. By agreement among the parties, the settlement amounts are confidential.

4. Plaintiffs seek this Court's Order to establish a Qualified Settlement Fund pursuant to 26 U.S.C. § 468B and its implementing regulations, U.S. Treasury Regulation 1.468B-1 in order to permit the Defendant GSK to be immediately, fully and finally released with respect to all claims which the Plaintiffs and the other families have or may have against them. Those regulations require that a Qualified Settlement Fund be established pursuant to an order of any court of competent jurisdiction, and that the Court's Order will create a trust under law, all as required by the regulations.

5. Approval of the establishment of the Vickery-GSK Fund II will benefit both the current settling Plaintiffs and other Intervenor families and GlaxoSmithKline by assuring finality to the litigation upon fulfillment of the conditions of the current

and the later settlement agreements, respectively. GlaxoSmithKline has informed counsel for the Plaintiffs/Intervenors that GSK does not oppose this Motion to approve the establishment of the Vickery-GSK Fund II.

6. In accordance with each respective settlement agreements, GlaxoSmithKline will pay the settlement consideration into the Vickery-GSK Fund II. Thereafter such monies will be disbursed from the Vickery-GSK Fund II by Order of the Court, in accordance with the terms of the settlement agreements for payments to Plaintiffs/Intervenors, or their designees, to attorneys for fees and costs, to lien holders, and to federal and state taxing authorities for tax liabilities of the fund.

7. The settlement consideration, and the earnings thereon, shall remain subject to the jurisdiction of the Court until termination of the Vickery-GSK Fund II. However, it is anticipated that all funds will be distributed pursuant to two or three Distribution Orders, each of which will have sealed exhibits to protect the confidentiality of the settlement amounts. Therefore, the fund should cease to exist, and the Court should conclude its jurisdiction, within 30-45 days at most from the creation of the QSF.

8. The Vickery-GSK Fund II shall be a Qualified Settlement Fund as described in Treas. Reg. Section 1.468B-1 and shall be administered in accordance with the requirements of those Treasury regulations. The Vickery-GSK Fund II shall

be administered by Encore Trust, a division of Encore Bank, N.A.  The Trustee's Acceptance of the trust appointment will be filed among the papers in this case.

9. Plaintiffs request that no bond be required.  Plaintiffs seek the Order of this Court that upon receipt by the Trustee of the Vickery-GSK Fund II of the settlement proceeds, the Settlement Agreement and Release to be executed by all parties shall be incorporated in the Court's Order as set forth herein.  Also, that Encore Trust, as Trustee of said Fund, shall have the authority to make, execute, acknowledge and deliver any and all contracts or agreements on behalf of the Trust.  Such agreements may include settlement agreements and qualified assignment agreements to effectuate settlements governed by §§ 104(a)(2) and 130 of the Internal Revenue Code of 1986, as amended.

10. The settlement proceeds, and the earnings thereon, shall be deposited by the Trustee of such Fund in an account comprised of United States Agency, Government Sponsored Enterprises (GSEs) or Treasury securities or obligations (or a mutual fund invested solely in such instruments), or cash equivalent securities.  The Vickery-GSK Fund II shall be held at Encore Trust, a division of Encore Bank, N.A. a financial institution doing business in Houston, Texas, according to the above terms and conditions, and said financial institution shall be responsible for any and all investment related decisions, pursuant to these terms and conditions.

**Certificate of Conference and Notice of Hearing**

11. The undersigned has conferred with counsel for GSK who has no opposition whatsoever to this Motion or to the creation of the QSF known and the Vickery-GSK Fund II. This Motion will be brought on for hearing by the Court at 11 a.m. on Tuesday, October 12, 2010.

WHEREFORE, Plaintiffs respectfully request that the Court make an Order approving the establishment of the Vickery-GSK Settlement Fund II as a Qualified Settlement Fund within the meaning of Treas. Reg. Section 1.468B-1, retaining jurisdiction thereof until such Fund is closed.

DATED this 11th day of October, 2010

Respectfully submitted,

VICKERY, WALDNER & MALLIA, LLP

*/s/ Arnold Anderson (Andy) Vickery*
Arnold Anderson (Andy) Vickery
Texas State Bar No. 20571800
One Riverway Drive, Suite 1150
Houston, TX  77056-1920
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com

Certificate of Service

I certify that on this 11th day of October, 2010, the foregoing pleading has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

Chilton Davis Varner, Esq.
Andrew T. Bayman, Esq.
S. Samuel Griffin, Esq.
Eric M. Wachter, Esq.
Todd P. Davis, Esq.
KING & SPALDING, LLP
1180 Peachtree Street
Atlanta, GA   30309

Mark S. Brown, Esq.
KING & SPALDING, LLP
1700 Pennsylvania Ave. NW, Suite 200
Washington, DC   20006-4706

Robert H. Alexander, Jr., Esq.
John J. Love, Esq.
LAW OFFICE OF ROBERT H. ALEXANDER, JR.
P. O. Box 868
Oklahoma City, OK   73101-0868

Robert E. Glanville, Esq.
Tamar P. Halpern, Esq.
Cindy K. Bennes, Esq.
Martha M. Harris, Esq.
PHILLIPS LYTLE, LLP
3400 HSBC Center
Buffalo, NY   14203

Gary L. Richardson, Esq.
RICHARDSON LAW FIRM, PC
6450 South Lewis Ave., Suite 300
Tulsa, OK   74136

                                        */s/ Arnold Anderson (Andy) Vickery*
                                        Arnold Anderson (Andy) Vickery